| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **SOUTHERN DISTRICT OF NEW YORK** | |

------------------------------------- X

MARY HULEN, as personal representative of the heirs and estate of DONALD HULEN, deceased,

              Plaintiff,

  - against -

CRANE CO. et al.,

              Defendants.

------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 27, 2013

No. 12 Civ. 7614 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFF MARY HULEN
Karst & von Oiste LLP
  By:  Douglas von Oiste

FOR DEFENDANTS ARMSTRONG INTERNATIONAL, INC.
 AND MILWAUKEE VALVE COMPANY, INC.
Harris Beach PLLC
  By:  William T. Miedel

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion filed by Defendants Armstrong International, Inc. and Milwaukee Valve Company, Inc. (together, "Movants") to dismiss this asbestos case for forum non conveniens. In the alternative, Movants seek transfer to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Although there are many other defendants in this case, none have objected to the motion. For the reasons that follow, the motion to dismiss is denied and the motion to transfer is granted.

### I. Background

Plaintiff Mary Hulen is a Texas resident, as was her late husband, Donald Hulen. Both Mr. and Mrs. Hulen were plaintiffs in this asbestos action until Mr. Hulen's death on November 19, 2012. Plaintiff is now the representative of Mr. Hulen's estate.

Plaintiff alleges that Mr. Hulen was exposed to asbestos throughout his life, which included service in the United States Navy from 1960 to 1989. As part of his Naval career, Mr. Hulen served on various ships in various shipyards before ultimately entering the Navy Reserves. One such ship was the U.S.S. Austin, where he served while it was docked at the Brooklyn Navy Yard for a period of four to six months in 1964.

Although Mr. and Mrs. Hulen were Texas residents, this action was originally filed in New York state court on August 24, 2012. Plaintiff chose such a distant forum in order to seek participation in the New York City Asbestos Litigation ("NYCAL") program's "in extremis" trial group, which endeavors to expedite the resolution of cases where the plaintiff is critically ill. See Oral Arg. Tr. at 10; see also Miedel Aff. Ex. C. The case was removed to the Southern District of New York on October 11, 2012 by Defendant Crane Company.

Movants now argue that the action should be dismissed for forum non conveniens. They emphasize that "throughout his

twenty-nine years of Navy service (including both active duty and reserves duty) [Mr. Hulen] spent at most four months at a shipyard in Brooklyn, New York." (Mot. ¶ 16.)  They point out that Plaintiff alleges considerable exposure to asbestos in Texas, including all of Mr. Hulen's Navy Reserve duty, as well as automobile and construction work there.  Movants also assert that they are not New York corporations or have their principal place of business in New York; that Mr. Hulen never lived in the Southern District of New York; and that his past medical providers are all in Texas.  Movants request that the action be transferred to the Southern District of Texas in the event that this Court denies their motion to dismiss.

Plaintiff opposes the motion.  She argues that New York is just as convenient as Texas because she consents to travel to New York for trial and because some of her attorneys and medical experts are here.  She further states that there are no witnesses that will be required to testify by compulsory process, and that the jury will not need to observe evidence in Texas.  Plaintiff finally asserts that New York is a better forum than Texas for this action with respect to efficiency and the public interest.

## II.  Discussion

The Supreme Court has repeatedly counseled that federal courts should apply the common law doctrine of forum non

conveniens to dismiss an action only where the alternative forum is abroad, or "perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007) (citations omitted). Although Movants' papers request dismissal under this doctrine, counsel acknowledged at oral argument that because the proposed alternative forum is the Southern District of Texas, this Court should not dismiss the action outright. (Oral Arg. Tr. at 3.) Instead, the Court's task is to determine whether the case should be transferred to Texas. See Sinochem, 549 U.S. at 430 (noting that Congress "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action"); Iragorri v. United Techs. Corp., 274 F.3d 65, 72 n.4 (2d Cir. 2001) (en banc); Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp., 875 F. Supp. 2d 297, 305 (S.D.N.Y. 2012). Accordingly, the Court considers only Movant's motion in the alternative for transfer pursuant to 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Motions for transfer "lie within the broad discretion of the district court and are

determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).  The court should rule based on the clear and convincing evidence standard after considering whether the moving party has carried its "'burden of making out a strong case for transfer.'" N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113–14 (2d Cir. 2010) (quoting Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)).

"The inquiry on a motion to transfer venue is two-fold. First, the district court must determine whether the case could have been brought in the proposed transferee district." Frame v. Whole Foods Mkt., Inc., No. 06 Civ. 7058, 2007 WL 2815613, at *4 (S.D.N.Y. Sept. 24, 2007) (citing Herbert v. Elec. Arts, Inc., 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004); In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998)).  If the case could have been originally brought in the proposed transferee district, the court must next decide whether transfer is appropriate. Id.  Factors the court may consider include: the weight to be accorded to plaintiff's choice of forum and the locus of operative facts; convenience of witnesses; convenience and relative means of the parties; location of relevant documents and the relative ease of access to sources of proof; the availability of process to compel the attendance of

unwilling witnesses; and the comparative familiarity of each district with the governing law. See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., No. 04 Civ. 7369, 2004 WL 2314424, at *1 (S.D.N.Y. Oct. 13, 2004); Capitol Records, Inc. v. Kuang DYI Co. of RM, No. 03 Civ. 0520, 2004 WL 405961, at *3 (S.D.N.Y. Mar. 4, 2004); Prudential Secs. Inc. v. Norcom Dev., Inc., No. 97 Civ. 6308, 1998 WL 397889, at *3 (S.D.N.Y. July 16, 1998). See generally Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) ("There is no rigid formula for balancing these factors and no single one of them is determinative."). Another factor, judicial economy, is chiefly relevant where there are duplicative actions, which is not the case here.

### A. The Action Could Have Been Brought in the Southern District of Texas

Pursuant to § 1404(a), the Court must first determine whether the matter "might have been brought" in the proposed transferee district. An action may be brought "in any district where subject-matter and personal jurisdiction exist and where venue is proper." Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 399 (S.D.N.Y. 2010) (citing Schechter v. Tauck Tours, Inc., 17 F. Supp. 2d 255, 258 (S.D.N.Y. 1998)).

Here, the proposed transferee court is the Southern District of Texas, which is based in Houston. Movants assert,

and Plaintiff does not disagree, that the action could have been brought in Texas.  Plaintiff is a Texas resident, and Texas law allows for civil actions relating to asbestos.  Movants further state that all defendants are subject to service of process there.  Given that none of these representations are in dispute, the Court concludes that the case could indeed have been brought in the Southern District of Texas.

### B.    Transfer Is Appropriate in this Case

The Court next considers how much weight to accord Plaintiff's forum choice, because this "affects the burden that a defendant must meet on the other factors." Frame, 2007 WL 2815613, at *4.  While a plaintiff's choice of venue is generally given considerable deference, less deference is due where the chosen forum is not the plaintiff's home forum. Colour & Design v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 8332, 2005 WL 1337864, at *5 (S.D.N.Y. June 3, 2005).  "Further, the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state" and the locus of operative facts underlying the claim. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998). See generally DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002) (in the forum non conveniens context, "a court should begin with the assumption that a plaintiff's choice of forum will stand unless

the defendant can demonstrate that reasons exist to afford it less deference").

Turning to the instant case, New York is neither the Plaintiff's home forum nor the locus of operative facts. Plaintiff resides in Texas, as did her late husband, and far more of his alleged asbestos exposure occurred in Texas than in New York.  Indeed, the only New York exposure occurred for a relatively short period of four to six months at the Brooklyn Navy Yard.  Although Plaintiff originally sought inclusion in NYCAL's "in extremis" trial group, she concedes that the removal of this case to federal court makes that impossible. (Oral Arg. Tr. at 10.)  Due to the unusual facts and history of this action, no compelling reason remains for the Court to defer to Plaintiff's choice of New York as the forum for this action.

Applying the clear and convincing evidence standard, the Court determines that Movants have carried their burden of making out a strong case to transfer this action. See Lafarge, 599 F.3d at 113-14.  First, on a fundamental level, the Southern District of New York has no connection whatsoever to the case. Plaintiff's late husband was exposed to asbestos in the New York area for a brief period in a decades-long career of asbestos exposure, most of which occurred in Texas.  A Texas court and a Texas jury have a far greater interest in adjudicating the injury to this Texas man.

Moreover, because most of Mr. Hulen's asbestos exposure occurred in Texas, Texas state law will likely govern many of the claims. See Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999) (noting that a New York federal court sitting in diversity would generally apply the law of the place of the tort). See generally Restatement (Second) of Conflicts § 146 (1971). While this Court is capable of applying the law of another jurisdiction, a Texas federal court will be far more familiar with Texas state law and is better poised to apply it. See Chiste, 756 F. Supp. 2d at 401.

The Court notes that the inverse of the above situation — that is, the transferee Texas court having to learn and apply New York state law — is unlikely to occur in this case. Although Plaintiff does allege some exposure from the U.S.S. Austin while it was docked in Brooklyn, Movants contend, and Plaintiff has not disputed, that any injuries caused by this exposure will probably be governed not by New York state law but rather by federal admiralty law. (Mot. ¶ 32.) See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455, 466–67 (E.D. Pa. 2011) (maritime law applies to Navy service member as long as some of the exposure occurred on a vessel on navigable waters); see also Riddle v. Foster Wheeler, LLC, MDL No. 875, 11 Civ. 318, 2012 WL 2914222 (E.D. Pa. May 25, 2012) (noting that "work performed aboard a ship that is docked at the shipyard is sea-based work,

performed on navigable waters" (citing Sisson v. Ruby, 497 U.S. 358 (1990))).

It is true that Movants' showing is not as strong with respect to other relevant factors, due in part to the fact that discovery is ongoing.[1] Nevertheless, transfer is appropriate because Plaintiff has utterly failed to rebut the compelling public considerations offered by Movants, or to point to any countervailing private considerations that are significant. After initially missing the deadline to respond to the transfer motion, see ECF No. 72, Plaintiff's counsel filed a breezy four-page opposition memorandum. It states that "[p]ractical considerations make the trial of this case in this forum more efficient and less expensive," but these conclusory assertions are unencumbered by any factual support or argument. (Pl. Opp. at 2.) At oral argument, counsel suggested that Mr. Hulen's decades of asbestos exposure in Texas is irrelevant because the trial will focus almost exclusively on Mr. Hulen's time at the Brooklyn Navy Yard in 1964, before rigorous health and safety legislation took effect in the early 1970s. (Oral Arg. Tr. at 11

---

[1] Notably, Plaintiff does not contend that the transfer motion is premature. Indeed, her papers argue the opposite — that Movants delayed for too long in filing the motion. See Pl. Opp. at 3. Movants reply to this objection by correctly pointing out that they announced their intention to make the motion at the initial conference in this matter on February 26, 2013. That conference was originally scheduled for January 4, 2013, but was rescheduled after Plaintiff's counsel failed to appear on that date.

("These other small sites may be in Texas in later years when I don't even know if they were using asbestos products . . . . The Brooklyn Navy Yard will ultimately be the focus of the trial from the defendant's perspective and from the plaintiff's perspective.")  That characterization of the "defendant's perspective" is, naturally, disputed by Movants. (Id. at 16.)  More important, however, it is also belied by Plaintiff's complaint, which does not limit its allegations to that brief period but additionally pleads extensive later asbestos exposure at Texas "steel mills, refineries, paper mills, chemical plants, industrial sites and facilities, construction sites and other facilities." (Verified Complaint ¶ 243.) See also Miedel Aff. Ex. D at 20-21 (interrogatory response cataloguing asbestos exposure at various sites in Texas through the 1970s and in 1989).

   Plaintiff's counsel also opined regarding Texas's suitability as a forum for this litigation.  He urged this Court not to leave Plaintiff's case in the hands of the federal court in her home state, speculating that "maybe the judge picks it up down there, maybe he doesn't." (Oral Arg. Tr. at 12.)  Counsel also suggested that the Southern District of Texas might somehow be ignorant regarding asbestos litigation, (id.), notwithstanding the fact that his own asbestos litigation firm appears to be headquartered in Houston.  Needless to say, this

Court has every confidence that once the Clerk of this District sends the action to the Southern District of Texas, it will be expeditiously assigned to a judge who will prove himself or herself eminently capable of trying an asbestos case. Suggestions to the contrary are absurd, to say the least, and certainly do not overcome Movants' justifications for transfer.

In sum, after carefully weighing all of the relevant factors and considering the parties' arguments, it is clear to the Court that § 1404(a) transfer is manifestly appropriate. This case belongs in Texas.

### III. Conclusion

For the foregoing reasons, the motion to dismiss the action for forum non conveniens is denied, and the motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted. The conference scheduled for September 18, 2013 in Courtroom 20-C is cancelled. The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of Texas.

**SO ORDERED.**

Dated:   New York, New York
         August 27, 2013

                                    _John F. Keenan_____
                                    John F. Keenan
                                    United States District Judge